# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CLAUDE CUMMINGS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-90** |
| | § | |
| **LITTON LOAN SERVICING, LP,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Remand filed by Plaintiff Claude Cummings ("Plaintiff" or "Cummings") (Doc. No. 7), and a Motion to Dismiss filed by Defendant Litton Loan Servicing, LP ("Defendant" or "Litton") (Doc. No. 5). After considering the motion, all responses thereto, and the applicable law, the Court finds that the Plaintiff's motion must be GRANTED. Defendant's motion must be DENIED.

## I.      BACKGROUND

In November 2011, Plaintiff Claude Cummings ("Plaintiff" or "Cummings") filed a civil action against Defendant Litton Loan Servicing, LP ("Defendant" or "Litton") in the 295th Judicial District Court for Harris County, Texas. (Pl. Pet., Doc. No. 1-2.) In his state court petition, Plaintiff alleges that, after his home was damaged by Hurricane Ike, Plaintiff filed a claim under his homeowner's policy, and notified his mortgage company, which was either Fieldstone Mortgage Company ("Fieldstone"), or its alleged successor in interest,

Litton.[1] (*Id.* ¶¶ 6-8.) Plaintiff explains that, because the mortgage company made no effort to repair his home, he expended his own money to do so. (*Id.* ¶¶ 8-9.) Plaintiff alleges that his homeowner's insurance then paid proceeds on the claim (*Id.* ¶ 10), but that Fieldstone said it had no interest in the proceeds, and that Litton was its successor in interest. (*Id.*) Litton informed Plaintiff that it was not the successor in interest to Fieldstone, that it had no interest in the insurance proceeds, and that it would not sign a release for the proceeds. (*Id.*) Plaintiff seeks a declaratory judgment that Litton breached the deed of trust "by failing to elect to repair Plaintiff's home and/or failing to endorse the check to reimburse [Plaintiff] . . . for the cost of repair to his home." (*Id.* ¶ 12.) Plaintiff also seeks attorneys' fees under the Texas Declaratory Judgment Act. (*Id.*)

On January 11, 2012, Defendant removed the case to this Court and filed a Motion to Dismiss. (Doc. No. 5.) Thereafter, Plaintiff filed a Motion to Remand (Doc. No. 7), to which a response and reply have been filed.

## II.    LEGAL STANDARD

A party may remove to federal court any state court action over which the federal district courts would have original jurisdiction. 28 U.S.C § 1441(a); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723 (citations omitted). To determine whether jurisdiction exists, federal courts must look to the claims in the state court petition "as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.2d 256, 264 (5th Cir. 1995)). The removal statute must be strictly construed in favor of remand; as a result,

---

[1] Because Plaintiff's petition is vague, it is not clear which of these two companies Plaintiff claims to have notified.

2

any doubts as to whether removal is proper must be resolved against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Litton asserts that this Court has diversity jurisdiction, rendering its removal proper. Diversity jurisdiction requires an amount in controversy exceeding $75,000, as well as diversity of citizenship between the parties. 28 U.S.C. § 1332. The parties do not dispute the existence of complete diversity; rather, at issue is whether this case meets the $75,000 amount in controversy requirement. To determine the amount in controversy for the purposes of establishing diversity jurisdiction, federal courts ordinarily consider the plaintiff's claims as alleged at the time of removal. *Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000." *Barth v. JPMorgan Chase Bank, Nat. Ass'n*, 2012 WL 287827, at *1 (N.D. Tex. Jan. 31, 2012) (citing *Manguno*, 276 F.3d at 273; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

**III.    ANALYSIS**

Plaintiff's state court petition does not specify the amount of recovery sought, nor does it clearly define the value of the right sought to be protected. Rather, as is common in state court petitions, Plaintiff's allegations are very general. Plaintiff seeks a declaration that Defendant must either endorse a check, or release the check's maker from responsibility for the funds, so that Plaintiff may cash the check. The petition does not indicate the value of

the check.[2] In urging that remand is inappropriate, Defendant offers only a conclusory statement (and provides neither summary judgment evidence nor an affidavit) regarding the value of the loan encumbering Plaintiff's property. Defendant urges that, because the loan exceeds $170,000, the amount in controversy requirement is met.

Defendant's argument does not satisfy its burden to prove that removal was proper. Plaintiff's petition appears to relate not to the entire loan on Plaintiff's property, but rather to a discrete check, the amount of which is not indicated in the petition. Defendant does not contend that this check exceeds $75,000, and does not explain why the Court should look to the value of the loan in determining the amount in controversy. There is no logical reason, from the face of Plaintiff's petition, that the amount in controversy should be determined in this way. Especially because any doubt as to whether removal is proper must be resolved in favor of remand, the Court concludes that this case must be remanded.

## IV.  CONCLUSION

For the foregoing reasons, Cummings' Motion to Remand must be **GRANTED**. Litton's Motion to Dismiss must be **DENIED** as moot.

**IT IS SO ORDERED**.

**SIGNED** this the 1st day of March, 2012

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] In conjunction with Plaintiff's Reply in support of his Motion to Remand, Plaintiff's counsel submits an affidavit informing the Court that the check at issue is in the amount of $21,303.90. (Doc. No. 11-1.) Plaintiff's counsel also indicates that attorneys' fees should not exceed $7,500, and that the matter will in no way involve more than $75,000. (*Id.*) Because the amount in controversy must be determined based on the petition itself at the time of removal, the Court does not rely upon this affidavit in reaching its decision.